[Cite as *Kimbrough v. The Ohio State Univ.*, 2011-Ohio-6976.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRIDGET KIMBROUGH

    Plaintiff

    v.

OHIO STATE UNIVERSITY

    Defendant

Case No. 2011-08083-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1} On May 27, 2011, Bridget Kimbrough filed a complaint against defendant, Ohio State University (OSU). Plaintiff alleges her car was damaged by employees of Hospital Parking Management (HPM) after she availed herself of their valet parking services while receiving dental treatment at OSU. Plaintiff recalled her damage incident occurred on May 9, 2011, after 9:00 a.m. Accordingly, plaintiff seeks damages in the amount of $328.00 for automotive repairs.

{¶2} On July 29, 2011, defendant filed an investigation report arguing that plaintiff does not have a cognizable claim against OSU. According to defendant, HPM is "a private business who contracted with OSU to provide valet services to visitors and patients" at OSU. Defendant contends that OSU "did not assume responsibility for parking plaintiff's vehicle, and did not maintain possession or control of the vehicle when it was parked by HPM personnel. There is no evidence that OSU employees were in any way involved in the incident that purportedly caused damage to her car."

{¶3} Plaintiff filed a response alleging that HPM has refused to accept responsibility for the damage and she submitted a video (without narration) that appears to document valet parking procedures at OSU.

{¶4} R.C. 2743.03 established the Court of Claims and granted it exclusive, original jurisdiction over "all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code."

{¶5} R.C. 2743.02 provides, in part, that "[t]he only defendant in original actions in the court of claims is the state."

{¶6} R.C. 2743.01(A) provides:

{¶7} "'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶8} It is well-settled in Ohio that an employer is not generally liable for the acts of an independent contractor or the contractor's employees. See 3 O Jur 3d Agency, Sect. 218 (1999). See *Pusey v. Bator*, 94 Ohio St. 3d 275, 2002-Ohio-795; see also *Lockley v. Lake Erie Correction Inst.*, Ct. of Cl. No. 2005-09880-AD, 2005-Ohio-6815. Given that plaintiff alleges HPM employees were responsible for the damage to her car, she has not stated a claim against OSU upon which relief can be granted.

{¶9} A review of plaintiff's complaint and her response reveals she is alleging negligence against personnel who are employed by HPM and not the defendant. HPM is not a state entity and, accordingly, cannot be sued in an original action in the Court of Claims. Accordingly, for the reasons set forth above, plaintiff's case shall be DISMISSED.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRIDGET KIMBROUGH

    Plaintiff

    v.

OHIO STATE UNIVERSITY

    Defendant

Case No. 2011-08083-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Bridget Kimbrough
P.O. Box 132326
Columbus, Ohio  43213

Daniel A. Malkoff
Senior Assistant Attorney General
Office of Legal Services
The Ohio State University
Medical Center
650 Ackerman Road, Room 204

9/15
Filed 9/29/11
Sent to S.C. reporter 2/6/12